# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **WILLIAM ANTHONY MELVIN and BELINDA MELVIN,** : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> **DEBORAH E. HOGAN FUTCH, R.N., and SOUTHERN HEALTH PARTNERS, INC.,** : <br> : <br> **Defendants.** : | **Case No. 7:05-CV-88 (HL)** |

## **O R D E R**

This Court conducts an initial review of each case. Each case's initial review ensures that a proper jurisdictional basis exists. Proper jurisdiction is important because federal courts have only limited jurisdiction. Exxon Corp. v. Allapattah Servs., Inc., --- S. Ct. ----, No. 04-70, 04-79, 2005 WL 1469477, at *5 (U.S. Jun 23, 2005). Specifically, they possess only that power authorized by the United States Constitution and by federal statutes. Id. (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981)[1] (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)). It is the Court's initiative that has generated this review.

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

**I.   FACTS**

Plaintiffs allege that this case is based on diversity of citizenship jurisdiction. Plaintiffs, however, fail to allege the corporate Defendant's one principal place of business. Additionally, Plaintiffs identify the residences of themselves and Defendant Hogan Futch but make no mention of their respective domiciles or citizenships.

**II.  ANALYSIS**

Original jurisdiction may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. § 1331 (West 1993); 28 U.S.C.A. § 1332 (West 1993 & Supp. 2004). Jurisdiction in this case is based on diversity of citizenship. A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). Generally, it is the plaintiff's burden to allege, with sufficient particularity, facts creating jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000). This Order focuses on the citizenship requirement of diversity jurisdiction.

A party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). Regarding natural persons, there is no statutory definition of what constitutes a "citizen" for diversity purposes. 15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004) [hereinafter "Moore's"](citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and to be domiciled in a state. See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two

necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state. 15 Moore's, § 102.30.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. Amend. XIV, § 1. Regarding the second inquiry, domicile – synonymous with "state citizenship" in diversity jurisprudence – generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff, 804 F. Supp. at 334. A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id.; e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

In contrast to natural persons, a corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. See 28 U.S.C.A. § 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). Further, regarding all parties, "complete diversity" must exist for the court to retain jurisdiction – that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, Plaintiffs have failed to plead diversity jurisdiction properly for two reasons. First, Plaintiffs fail to identify the corporate Defendant's one principal place of business, which is essential in evaluating complete diversity. Second, Plaintiffs state that Defendant Hogan Futch is resident of Georgia and that Plaintiffs are residents of Florida. This is incorrect, as allegations regarding residency tell the Court nothing. In

lieu of residency, Plaintiffs must allege United States citizenship and the States of which the parties are "citizens" or "domiciliaries." Consequently, Plaintiffs' complaint improperly invokes the jurisdiction of this Court because it fails to foreclose the possibility that complete diversity might not exist.

## III. CONCLUSION

To correct deficient allegations of citizenship, Plaintiffs shall amend their complaint (Doc. 1), if at all, no later than twenty (20) days after this Order is entered on the docket. If Plaintiffs fail to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

SO ORDERED, this the 8th of August, 2005.

   /s/ Hugh Lawson
**HUGH LAWSON, Judge**

jmb